[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This complaint, in two counts, dated September 9, 1992, claims in the first count, trespass by the defendants, and, in the second count, pursuant to General Statute Section 52-560, treble damages for the value of timber and shrubbery moved by the defendants' during the trespass.
The defendants' answered January 5, 1993, and by counterclaim, dated September 16, 1994, in a first count, alleges title by deed, and, in a second count, alleges title by adverse possession.
The plaintiffs filed their answer to the counterclaim on October 24, 1994.
The parties being at issue, trial was held to the court.
After a full trial, the parties present or represented by counsel, the court, based on the preponderance of me credible, relevant and legally admissible evidence, finds, rules, concludes and orders as follows:
There have been various transfers and exchanges between the parents and their children and between the parties over the years, but the ultimate question to be resolved by the court is the location of the west property line of the defendant which is also the east property line of the plaintiffs.
The court heard the testimony of the parties and expert land surveyors as to the location of the disputed boundary line.
The court was presented with two land surveys of the disputed premises. The court heard testimony from David White who performed a survey on behalf of the plaintiffs in 1990. The court was also presented testimony by Pierre Blanchet who conducted a survey on behalf of the defendants in 1994.
The court after hearing all of the evidence presented by the parties and their experts concludes that the survey done by Pierre Blanchet accurately portrays the location of the disputed boundary. CT Page 12237
The court further finds that the defendants have title up to that boundary by deed and accordingly finds the issues for the defendants on count one of their counterclaim. Because the court found title by deed in the defendants they cannot prevail on count two alleging adverse possession. However, the court notes, that, had the court not found title by deed in the defendants, it would have found title by adverse possession in the defendants.
The court also finds that the defendants disposed of trees and shrubbery on their own land, therefore the plaintiffs cannot prevail on either count one or count two of their complaint.
The court expressly locates the disputed boundary line as follows:
Commencing at a point, marked by an iron pin located at the southeast corner of lot of the plaintiffs, the southwest corner of the lot of the defendants and on the northerly line of Cedar Street at a culvert at said street, which point is 141.25 feet from an iron pin in the southeast corner of the defendants lot and on a line running S71°-46'-04W", then running N 5°-49'-34"E, 350 feet to a point which is the northwest corner of the lot of the defendants and the northeast corner of the lot of the plaintiffs and is also located 140 feet from an iron pin located at the northeast corner of the plaintiffs lot and on a line running S87°-11'-54"E, all as shown on a map entitled "Map of the Property of Joseph W. and Virginia P. Konefal, Cedar Street, Middlefield, Connecticut", prepared by Blanchet Associates, P.C. and dated October 20, 1994. (Defendants' Exhibit 1).
The court further finds that the plaintiffs are the owners of all the land west of said boundary, free and clear of any claims of the defendants and that the defendants are the owners of the land east of the said boundary free and clear of any claims of the plaintiffs.
Accordingly, judgment may enter for the defendants on counts one and two of the plaintiffs complaint and judgment may enter for the defendants on count one of their counterclaim. Judgment may enter for the plaintiffs on count two of the defendants counterclaim. No costs to either party.
SPALLONE STATE TRIAL REFEREE CT Page 12238
Judgment entered in accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk